UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Dickey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.4:12-2123-RMG |
| vs. ) | |
| ) | |
| Carolyn Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on December 30, 2013, recommending that the Commissioner's decision be reversed and remanded for the fact finder to review new and material information submitted to the Appeals Council in accordance with *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). (Dkt. No. 14). The Commissioner filed objections to the Report and Recommendation. (Dkt. No. 18). As set forth more fully below, the Court adopts the Report and Recommendation of the Magistrate Judge. The decision of the Commissioner is reversed and remanded to the agency for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances, which substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is generally given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical

professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist in the area for which she gave an opinion. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2p, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge ("ALJ") renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record.

The Social Security Regulations do not require the Appeals Council to weigh the newly produced evidence expressly and to reconcile it with previously produced conflicting evidence

before the ALJ. Rather, the regulations require only that the Appeals Council make a decision whether to review the case. If the Appeals Council grants a request for review and issues its own decision on the merits, then it is required to make findings of fact and explain its reasoning. *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). If the Appeals Council chooses not to grant review, though, it is not required to "explain its rationale for denying review," and so there may be cases in which newly produced evidence is made part of the record for purposes of substantial evidence review but no fact finder has expressly assessed the newly produced evidence. *Id.* at 705-06.

As the Fourth Circuit explained in *Meyer*, this situation can present some difficulty for reviewing courts. To be sure, there are cases—"one-sided" cases in which the record provides an adequate explanation of the Commissioner's decision—where a reviewing court can determine whether substantial evidence supports the Commissioner's decision. *Id.* at 707. However, where "other record evidence credited by the ALJ conflicts with the new evidence," a reviewing court "simply cannot determine whether substantial evidence supports the ALJ's" decision. *Id.* In those cases, there is a need to remand the matter to the administrative agency so that a fact finder can "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* After all, "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff's disability claim contains a significant mental component, and he offered the opinions and reports of two treating counselors, Dr. Amir Levine, Ph.D., LCSW, and Dr. Chris Leggett, Ph.D., to support his claim. Tr. 320-21, 322-24, 366-82. Both providers indicated that

Plaintiff is disabled. Tr. 321, 323. The agency submitted a psychiatric evaluation conducted by Dr. Arlene Broska, Ph.D., a licensed psychologist, which concluded that while Plaintiff has certain diagnosable psychological disorders, he had the functional ability to perform in the competitive marketplace. Tr. 279-82. After conducting an evidentiary hearing in this matter on September 2, 2010, the Administrative Law Judge ("ALJ") denied Plaintiff's disability claim, finding that he retained the residual functional capacity for medium work. Tr. 18-22. In reaching that conclusion, the ALJ credited the opinion offered by Dr. Broska and gave little weight to the opinions of Dr. Levine and Legette. Tr. 20-22.

Subsequent to the issuance of the decision by the ALJ, Plaintiff submitted to the Appeals Council a report and impairment questionnaire regarding Plaintiff and prepared by Dr. Ronald Sherman, Ph.D. Dr. Sherman concluded, based upon his evaluation of the claimant, that Plaintiff was "totally disabled emotionally and unable to function in any job in any capacity." Tr. 395. This report was received by the Appeals Council and made part of the record. Tr. 4. The Appeals Council indicated that the new report of Dr. Sherman "does not provide a basis for changing the Administrative Law Judge's decision" but did not weigh the new evidence or attempt to reconcile it with the supporting and conflicting evidence in the record. Tr. 2.

The Magistrate Judge correctly set forth the legal standard for this Court to follow in a situation where new and material evidence was submitted to the Appeals Council that conflicted with evidence relied upon by the ALJ and the Appeals Council had not weighed the new evidence or reconciled it with the supporting and conflicting evidence in the record. As the Fourth Circuit made clear in *Meyer*, the proper action of the District Court is to remand the matter to the Commissioner for the fact finder to make appropriate findings and to "reconcile that

-5-

evidence with conflicting and supporting evidence in the record." 662 F.3d at 707. The Court finds the Commissioner's narrow construction of the *Meyer* decision inconsistent with the plain language of the opinion.

The Commissioner further argues that the Court should disregard the opinions of Dr. Sherman because he performed his evaluation after the relevant time period at issue in this case. (Dkt. No. 18 at 2). It is well settled in this Circuit that medical reports and evaluations conducted after the relevant time period may be considered where the opinions relate back to the relevant time period. *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987). Dr. Sherman's opinion explicitly states that it relates back to March 1, 2010, which falls within the relevant time period of this claim. Tr. 395.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge as the order of this Court, **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

January 17, 2014
Charleston, South Carolina